## BURKE *v*. THE STATE.

LIQUOR LAW.—*Indictment.*—An indictment under the last clause of section 1 of the liquor law of 1875, Acts Spec. Sess. 1875, p. 55, which did not allege that the defendant sold intoxicating liquor to be drank in any of the places named in said section, or that he had no license to sell such liquor to be drank in said places, but alleged that he had no license to sell such liquor to be drank "on the premises," was bad on motion to quash.

From the Henry Circuit Court.

*Chambers & Saint,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

PETTIT, J.—Indictment for selling liquor in violation of the last clause of section 1 of the act of March 17th, 1875, to regulate and license the sale of spiritous liquors, etc., Acts of Special Session of 1875, p. 55, which reads thus:

"Nor shall any person, without having first procured such license, sell or barter any intoxicating liquor to be drank, or suffered to be drank in his house, out-house, yard, garden, or the appurtenances thereto belonging."

The indictment does not allege that the defendant had no license to sell liquor to be drank in the places named in the statute, nor that the liquor was sold to be drank in any of the places named in the statute, but it says:

"The said Burke not then and there having a license to sell intoxicating liquor to be drank on the premises;" not his premises or the premises where the liquor was sold, or any of the places named in the law. The indictment does

not make a case under the law, and the motion to quash should have been sustained.

The judgment is reversed, with instructions to sustain the motion to quash the indictment.